UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

LETTER OPINION

October 20, 2010

All Counsel of Record

    Re:    **Eastern Dentists Insurance Co. v. Alexander Andreyeff, DDS**
            **Civil Action No.: 10-4166 (JLL)**

Dear Counsel:

    This matter comes before the Court by way of Defendant's motion to dismiss Plaintiff's Complaint "due to [a] pending state court action arising from same transaction." [Docket Entry No. 8]. Defendant essentially asks the Court to decline to exercise jurisdiction over this declaratory judgment action. The Court is in receipt of the papers submitted in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, the Court will exercise its discretion granted under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and decline jurisdiction over Plaintiff's declaratory judgment complaint. In lieu of dismissing the Complaint, the Court will stay the action and administratively close the matter without prejudice to either party moving to reopen the matter following a ruling by the state court.

**I.    Factual History**

    The relevant facts are not in dispute. Carmen Abril filed an action against Alexander Andreyeff, DDS, in the Superior Court of New Jersey, Law Division, Essex County, in late 2009, alleging professional malpractice arising out of treatment provided by Dr. Andreyeff in June 2008. Dr. Andreyeff subsequently gave notice of the claim to its insurance company, Eastern Dentists Insurance Co., which is not a party to the state court litigation.

    On August 13, 2010, Eastern Dentists Insurance Co. filed a declaratory judgment action against Carmen Abril and Dr. Andreyeff in this court pursuant to 28 U.S.C. §§ 2201 and 2202. The relief sought by Plaintiff, Eastern Dentists Insurance Co., is an order from this Court "declaring that Eastern Dentists Insurance Company is under no duty to defend or indemnify Alexander Andreyeff, DDS, with respect to the claims asserted by Carmen Abril in the matter of <u>Carmen Abril v. Alexander Andreyeff, DDS</u>, Superior Court of New Jersey, Law Division, Essex County, under ESX-L-10323-09." (Compl. at 5). This Court's jurisdiction over Plaintiff's declaratory judgment Complaint is premised on diversity of citizenship, 28 U.S.C. § 1332(a)(1).

On September 13, 2010, Defendant Carmen Abril filed a motion to dismiss Plaintiff's Complaint. Defendant Abril essentially asks the Court to decline to exercise jurisdiction over Plaintiff's declaratory judgment action on the basis of the related malpractice action which is currently pending in state court. The Court now considers Defendant's request.

### III.   Discussion

"The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, provides a remedy that may be used by the federal courts in appropriate circumstances. This statute provides that a court 'may declare the rights . . . of any interested party,' and contemplates that district courts will exercise discretion in determining whether to entertain such actions." State Auto Ins. Companies v. Summy, 234 F.3d 131, 133 (3d Cir. 2000) (internal citations omitted). The Act has been characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (internal quotations omitted). In this regard, the Supreme Court has explained:

> Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction. . . . Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-495 (1942).

In Summy, the Third Circuit laid out several factors that district courts should consider when deciding whether to hear declaratory judgment actions specifically involving insurance coverage issues:

   1. A general policy of restraint when the same issues are pending in a state court;

   2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;

   3. Avoidance of duplicative litigation.

Summy, 234 F.3d 131, 134 (3d Cir. 2000).

As to the first factor, although Plaintiff maintains that the issues presented here (involving

2

contract interpretation) are not the same as those presented in the state court litigation (involving tort liability), Plaintiff concedes that the issues underlying both disputes are clearly related. As to the second factor, because Eastern Dentists Insurance Co. is not currently a party to the state court litigation, this factor does not weigh heavily in favor or against this Court hearing Plaintiff's declaratory judgment action.

Consideration of the third factor (avoidance of duplicative litigation) weighs heavily against the Court hearing Plaintiff's declaratory judgment action. The determination of coverage issues (here) and negligence issues (in state court) will surely involve much of the same discovery. For instance, the Court agrees with Defendant Abril that her deposition in this matter (as well as that of Dr. Adreyeff) will likely seek to uncover much of the same information being sought in the state court action, namely, information related to what happened during Dr. Andreyeff's course of treatment of Defendant Abril, exchanges between Defendant Abril and Dr. Andreyeff, as well as actions (if any) undertaken by Defendant Abril that could constitute notice of the underlying malpractice claim. It is undisputed that discovery in the state court action has been ongoing since March. Depositions were scheduled to take place in connection with that action in September and October. Having had nearly a year to become familiar with the parties and the facts surrounding the alleged malpractice, the state court is in a far better position to develop a coordinated briefing and discovery schedule which will assist in avoiding duplicative and piecemeal litigation, and result in a conservation of judicial resources as well as those of the parties. See Summy, 234 F.3d at 135-6.

Lastly, the Court notes that Plaintiff's declaratory judgment action is limited purely to issues of state law;[1] thus, no federal interests are promoted by deciding this state law claim in this Court. The Third Circuit has made clear that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Summy, 234 F.3d at 136 (internal citations omitted).

In short, decisions in declaratory judgment actions must yield to "considerations of practicality and wise judicial administration." Id. Such considerations, in the context of this particular case, persuade the Court to exercise its discretion to decline jurisdiction over Plaintiff's declaratory judgment complaint. See, e.g., Empire Fire & Marine Ins. Co. v. Bennett, No. 05-4097, 2006 WL 932176 (D.N.J. April 10, 2006) (declining to exercise jurisdiction over declaratory judgment action involving insurance coverage issues).

### IV. Conclusion

Defendant's motion requesting that the Court decline to exercise jurisdiction is granted. The matter will be stayed and administratively closed without prejudice to either party moving to reopen the case following a ruling by the state court. An appropriate Order accompanies this Letter Opinion.

---

[1] See, e.g., Summy, 234 F.3d at 134 ("District Court did not have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues included federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding.").

3

/s/ Jose L. Linares
United States District Judge